UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EXCLUSIVE REAL ESTATE INVESTMENTS, LLC** | **:** | **CIVIL ACTION NO. 2:22-cv-06028** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **SGL NO. 1 LTD, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

### I.
### BACKGROUND

This suit was filed in the 14th Judicial District Court, Calcasieu Parish, Louisiana, by plaintiff's representative. Doc. 1, att. 2, p. 4. On the petition, plaintiff, a limited liability company, purported to be a pro se party. *Id.* Plaintiff claimed that defendants, SGL No. 1 Limited and Shelter Mutual Insurance Company, were liable for damages plaintiff's property sustained during Hurricane Laura. *Id.* at ¶ 15. Defendant Shelter Mutual removed the action to this court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1. The court issued a Notice of Intent to Dismiss for Failure to Prosecute Under LR41.3 after plaintiff failed to timely serve the summons and complaint on defendant SGL No. 1 Limited. Doc. 7. Plaintiff, once again purporting to be a pro se party, filed a response. Doc. 8. Subsequently, plaintiff received a Notice of Deficiency as

to its response [doc. 8] alerting plaintiff to two issues: (1) an entity must be represented by an attorney, and (2) the document was not filed in proper form. Doc. 9. Counsel for plaintiff never enrolled. The court again informed plaintiff that, as a juridical entity, plaintiff can only be represented in court by an attorney at law, and we ordered that on or before May 5, 2023, "counsel must enroll to represent plaintiff. If there is no enrollment then a Report and Recommendation will issue to the district court that this matter be dismissed without prejudice to the right of plaintiff to allow it to re-file with representation." Doc. 11 (citing *Demon v. Allied Domecq QSR*, 395 F.3d 871, 873 (5th Cir. 2004)). This deadline has since passed, and plaintiff's counsel has still not enrolled, in violation of our order [doc. 11].

## II.
## LAW & ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

We have warned plaintiff thrice already that it must be represented by an attorney at law to proceed in this matter. *E.g.*, docs. 9, 11, 14. As detailed above, plaintiff has failed to obtain enrolled counsel so it can participate in the prosecution of this case. Additionally, plaintiff filed a document into the record after receiving notice that it was not allowed to proceed without an enrolled attorney. Doc. 10. Furthermore, this court issued two orders instructing plaintiff to obtain counsel to enroll in this matter on plaintiff's behalf and warning plaintiff that failure to do so would lead us to issue a Report and Recommendation to the district court that this matter be dismissed.

Docs. 11, 14. Plaintiff failed to abide by those orders. All of this taken together indicates that plaintiff is not prosecuting its claim as it should. Therefore, the court finds that plaintiff has caused undue delays in the prosecution of this case and has furthermore failed to comply with orders of this court.

### III.
### CONCLUSION

It is for this reason that we **RECOMMEND** to the district court that it exercise its sanctioning authority and that this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE